| 6 | 175 |
| 17 | 362 |
| 30* | 996 |

# THE STATE OF NEVADA, RESPONDENT, *v.* T. B. STEWART, APPELLANT.

UNDER INDICTMENT FOR GRAND LARCENY, PRINCIPAL OR ACCESSORY CAN BE LEGALLY CONVICTED. · In a prosecution for grand larceny, where there is no evidence tending to prove guilt, either as principal or accessory before the fact, there can be no legal conviction.

APPEAL from the District Court of the Eighth Judicial District, White Pine County.

Defendant, together with A. Strauss, P. Duffy and others, was indicted for grand larceny for alleged stealing of certain cattle, the property of W. C. Reeves and R. W. Burmington.   On a separate trial and conviction, defendant was sentenced to imprisonment in the State prison for the term of five years.

It appears from the testimony that five head of cattle were stolen from Reeves and Burmington on February 4th, 1870, in the neighborhood of Hamilton, White Pine County ; that on Sunday morning, February 6th, 1870, Strauss called on defendant about daylight, *and directed him to get Duffy and go down to his slaughter pen, about a mile below Shermantown, and slaughter three head of cattle ; that they were in the habit of slaughtering cattle for Strauss, who had a butcher shop in Shermantown ; and that they accordingly slaughtered the cattle, which proved to be three of the cattle stolen.

There was no evidence showing any connection of defendant with the taking of the cattle, or any knowledge of them prior to the slaughtering ; but it appears that the heads were burned, and the hides and tails concealed after the slaughtering ; and it was charged that the defendant was connected with such burning and concealment.

*Garber & Thornton*, for Appellant.

I.   To convict upon circumstantial evidence alone, the circumstances proved must all concur to show that the defendant committed the crime, and must all be inconsistent with any other rational conclusion, and must exclude to a moral certainty every other hypothesis but the single one of guilt.   (*People* v. *Dick*, 32 Cal. 213.) In this case there were no circumstances to show that defendant committed the crime, or any crime.

II.   Defendant was indicted as a principal.   Even admitting for the sake of the argument that he concealed the hides and tails with knowledge of the stealing, he became thereby only an accessory after the fact, and would have had to be so indicted and sentenced.

*Robert M. Clarke*, Attorney General, for Respondent.

Appellant's point, as to insufficiency of the evidence to support the verdict, is not well taken for two reasons : first, because the Supreme Court has no jurisdiction of fact in a criminal cause (Constitution, Art. VI, Sec. 4) ; second, there being *some* evidence in the record to support it, the verdict will not be disturbed.

The proof being clear that the property was stolen by some one, and the possession being immediately traced to and found in the defendant, the evidence is *prima facie* sufficient to establish the defendant's guilt ; and it rests upon the defendant to account for and explain the possession and thus rebut the presumption. (*State* v. *Weston*, 9 Conn. 527 ; *State* v. *Brewster*, 7 Vermont, 118 ; 2 Bishop Criminal Procedure, Sec. 698.)

By the Court, WHITMAN, J. :

In this case, wherein the appellant was convicted of the crime of grand larceny, there was no evidence proving, or tending to prove his guilt, as principal or accessory before the fact ; hence he was illegally convicted.

The motion made for a new trial should have been granted, and was erroneously refused. That order and the judgment are reversed and the cause remanded.